**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ALESSANDRO BERNI, et al.,

                     Plaintiffs,

    - against -

BARILLA G. e R. FRATELLI, S.p.A., et al.,

                     Defendants.
-----------------------------------------------------------X

**ORDER**
**CV-16-4196 (ST)**

**TISCIONE, Magistrate Judge:**

The Court has considered the Class Action Settlement Agreement, docket entry no. 53, dated April 25, 2018 (the "Settlement Agreement"), Plaintiffs' unopposed motion for an Order preliminarily approving the Settlement Agreement, the record in this Litigation, the arguments and recommendations made by counsel, and the requirements of law. The Court hereby finds and Orders as follows:

1. <u>Preliminary Approval of Settlement Agreement</u>. The Settlement Agreement is preliminarily approved. The Settlement Agreement and the Settlement it incorporates appear fair, reasonable, and adequate, the terms of which are within the range of reasonableness. The Settlement Agreement was entered into at arm's-length by experienced counsel after extensive negotiations spanning months, including with the assistance of the Court. The Settlement Agreement is not the result of collusion.

2. <u>Defined Terms</u>. The Court, for purposes of this Preliminary Approval Order, adopts all defined terms set forth in the Settlement Agreement.

3. <u>Jurisdiction</u>. Barilla G. e. R. Fratelli, S.p.A. is dismissed as a defendant in this matter based on a lack of personal jurisdiction. For purposes of the Settlement of the Litigation, the Court has subject matter and personal jurisdiction over the remaining Parties, including all Class Members, and is proper. The Court retains exclusive and continuing jurisdiction over the Class Action Administrator, the Settling Parties, and their counsel for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Settlement. The Class Action Administrator, the Settling Parties and their counsel submit to the jurisdiction of the Court for purposes of the Settlement.

4. <u>Basis for Certification</u>. The Court finds and concludes that, for the purposes of approving this Settlement only, and for no other purpose and with no effect on the Litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed Rule 23(b)(2) Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims or defenses of the Plaintiffs are typical of the claims or defenses of the Class; (d) the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class because the Plaintiffs have no interests antagonistic to the Class, and have retained counsel who are experienced and competent to prosecute this matter on behalf of the Class; and (e) Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

5. <u>Basis of Settlement</u>. The proposed settlement was reached only after extensive investigation, discovery, and motion practice in the Litigation, and was the result of extensive negotiations conducted by the Parties, over the course of many months, including multiple sessions with the Court. Plaintiffs and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiffs and the Class would have prevailed at trial. Notwithstanding, Plaintiffs and Class Counsel have agreed to settle the Litigation pursuant to the provisions of the Settlement Agreement, after considering, among other things: (i) the substantial benefits to Plaintiffs and the Class under the terms of the Settlement Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendants' defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating the Settlement promptly in order to provide effective relief to Plaintiffs and the Class.

6. <u>Certification for Settlement Purposes Only</u>. The Court accordingly certifies, for settlement purposes only, a Class under Rule 23(b)(2), consisting of all consumers in the United States and U.S. territories (including, but not limited to, the Commonwealth of Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, the Northern Mariana Islands, and the other territories and possessions of the United States), who purchased one or more of the Products, identified in paragraph 1.21 of the Settlement Agreement (listed in paragraph 19 below), in the United States or U.S. territories during the period July 28,

2010 through the date of the entry of this Order. Excluded from the Class are persons who timely and properly exclude themselves from the Class as provided in this Order.

7. <u>Class Representatives</u>. Plaintiffs Alesssandro Berni, Giuseppe Santochirico, Massimo Simioli, and Domenico Salvati are designated as representatives of the provisionally certified Class. The Court preliminarily finds that they are similarly situated to absent Class Members, and, thus, are typical of the Class, and that they will be adequate class representatives.

8. <u>Class Counsel</u>. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Harwood Feffer LLP and Sarraf Gentile LLP as Class Counsel, whom the Court finds are experienced and adequate counsel.

9. <u>Notice</u>. The form and content of the proposed Notice, Exhibit B, to the Settlement Agreement, and the notice methodology described in the Settlement Agreement and the Notice Plan, attached as Exhibit C to the Settlement Agreement, are hereby approved. The Court finds that the publication of the Notice in the manner, timing, and form set forth in the Settlement Agreement satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Class Members. The Court approves the designation of KCC Class Action Services, LLC to serve as the Court-appointed Class Action Administrator for the Settlement. The Class Action Administrator shall administer the Settlement subject to the jurisdiction of the Court. The Class Action Administrator shall disseminate Class Notice and supervise and carry out the Notice Plan, the processing of opt-out requests, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

The Court directs that Notice shall be given to the Class as provided by the notice methodology described in the Settlement Agreement and the Notice Plan.

(a) The Class Action Administrator will create and maintain a class settlement website (the "Class Settlement Website"), to be activated within fourteen (14) calendar days of entry of this Preliminary Approval Order. The Class Settlement Website will contain Settlement information and case-related documents such as the Settlement Agreement, this Preliminary Approval Order, the Notice, Class Counsel's papers in support of final approval of the Settlement and their application for attorneys' fees and expenses, and for case contribution awards to the Plaintiffs. In addition, the Class Settlement Website will include procedural information regarding the status of the Court approval process, such as an announcement of the Fairness Hearing date, when the Final Judgment and Order has been entered, and when the Effective Date has been reached, including any appeal(s).

(b) Within fourteen (14) calendar days of entry of this Preliminary Approval Order, the Class Action Administrator will establish and/or maintain a toll-free telephone number that will provide Settlement-related information to Class Members.

(c) Within seven (7) calendar days of activation of the, the Class Action Administrator will commence providing Notice to the Class according to the Notice Plan.

10. <u>Requests for Exclusion</u>. Any Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Class Action Administrator,

stating an intent to be "excluded" from the Settlement. The written Request for Exclusion must be sent via first class United States mail to the Class Action Administrator at the address set forth in the Notice and be postmarked no later than twenty-eight (28) calendar days before the date set for the Fairness Hearing. The Request for Exclusion must be personally signed by the Class Member and may only be on behalf of such signing Class Member. So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed ineffective. Members who "opt-out" will not release their claims pursuant to the Settlement Agreement. Every Request for Exclusion must contain the following information for the person seeking to "opt-out": (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the Class, does not wish to be a Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement, (d) his or her signature, and (e) the case name and number (Berni v. Barilla, CV-16-4196 (E.D.N.Y)). Class members who fail to submit a timely and proper Request for Exclusion on or before the date specified in the Notice shall be bound by all terms of the Settlement Agreement and Final Judgment and Order.

11. <u>Objections and Appearances</u>. Any Class Member may object to the settlement. Any objection to the Settlement, including any of its terms or provisions, must be in writing, filed with the Court, with a copy served on Class Counsel and Defense Counsel at the addresses set forth below, and postmarked no later than twenty-eight (28) calendar days before the Fairness Hearing date.

**Class Counsel:**

| | |
|---|---|
| Daniella Quitt | Ronen Sarraf |
| **HARWOOD FEFFER LLP** | **SARRAF GENTILE LLP** |
| 712 Fifth Avenue, 31st floor | 14 Bond Street, Suite 212 |
| New York, New York 10019 | Great Neck, New York 11021 |

**Defense Counsel:**

Steven Blonder
**MUCH SHELIST PC**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606

Any objection regarding or related to the Settlement Agreement shall contain (a) the objector's full name, address and telephone number; (b) the name, address, and telephone number of any attorney for the objector with respect to the objection; (c) the factual and legal grounds for the objection(s); (d) evidence of his or her membership in the Class, *i.e.*, a receipt for Product purchase(s) and verification under oath as to the date(s) and location(s) of his or her purchase(s) of the Products; (e) his or her signature; (f) the signature of the objector's counsel, if any; (g) the case name and case number (*Berni v. Barilla*, 16-cv- 04196(E.D.N.Y.)); and (h) a specific list of any other objection by the objector, as well as by the objector's attorney, to any class action settlements submitted to any court in the United States in the previous five years. Any objections not containing the required information and/or not submitted to the Court at least twenty-eight (28) calendar days before the Fairness Hearing date will be deemed waived and will not be considered by the Court.

12. <u>Objector Notice of Appearance</u>. If an objecting party chooses to appear at the hearing, that party must, in addition to filing his or her objection, also file with the Court,

at least twenty-eight (28) calendar days before the Fairness Hearing date, a notice of intent to appear listing the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

13. <u>Objector Arguments</u>. A Class Member who appears at the Fairness Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member. No Class Member shall be permitted to raise matters at the Fairness Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

14. <u>Objector Witnesses or Evidence</u>. If a Class Member wishes to present witnesses or evidence at the Fairness Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection. Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Fairness Hearing. Plaintiffs or Defendants or both may take discovery regarding the proposed witnesses and evidence, subject to Court approval.

15. <u>Papers in Support of Settlement</u>. Class Counsel will file their opening papers in support of final approval of the Settlement and the Fee Application no later than forty-two (42) calendar days before the Fairness Hearing. Defendant shall have the right, but not the obligation, to file papers in support of final approval of the Settlement. Class Counsel and Defendant shall have the right, but not the obligation, to respond to any objection, by filing

opposition papers no later than seven (7) calendar days before the Fairness Hearing. The Party shall file a copy of the response with the Court, and shall serve a copy on the objector (or counsel for the objector) to the extent the objector or counsel for the objector do not receive notice of electronic filings via the Court's ECF filing system.

16. <u>Fairness Hearing</u>. A Fairness Hearing shall be held before this Court on December 17, 2018 at 2:00 p .m. at the United States District Court for the Eastern District of New York, before United States District Magistrate Judge Steven L. Tiscione, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201, to determine whether the settlement of the Litigation pursuant to the terms and conditions of the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Federal Rule of Civil Procedure Rule 23(e). The Court will hear any arguments regarding, or objections to, the Fee Application at that time. Papers in support of final approval of the Settlement Agreement and Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 24, below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Judgment and Order in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

17. <u>Proof of Notice</u>. No later than seven (7) calendar days before the Fairness Hearing, the Class Action Administrator shall (a) file with the Court affidavits or declarations concerning implementation of the Notice Plan and (b) provide to the Parties and file with the Court a list reflecting all timely Requests for Exclusion.

18. <u>Stay of the Litigation</u>.  Pending the Fairness Hearing, all proceedings in the Litigation, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Preliminary Approval Order, are hereby stayed.

19. <u>Stay of Collateral and Related Litigation</u>.  Class Members are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining as class members or otherwise, directly or indirectly through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration, government action, administrative or regulatory proceeding or order in any jurisdiction, forum or tribunal asserting any Released Claims (defined below). In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims (defined below). Nothing herein shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

> (a) "Released Claims" (as defined in Paragraph 1.23 of the Settlement Agreement) means all causes of action, claims, suits, debts, damages, judgments, liabilities, demands and controversies whatsoever—whether matured or unmatured, now known or unknown, liquidated or unliquidated, at law or in equity, whether before a local, state or federal court, or state or federal administrative agency, commission, arbitrator(s) or otherwise—that the class members now have or may have, and for all times up to and including the

date of final approval of the settlement, for all claims that were asserted or could have been asserted in the Action relating to the amount of pasta contained in a package of pasta and the packaging of the Products.

20. <u>Termination of Settlement</u>. In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment and Order as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the following shall apply:

   (a) All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

   (b) The provisional certification of the Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the Litigation shall proceed as though the Class had never been provisionally certified pursuant to the Settlement Agreement and provisional findings related to Rule 23 shall have no force or effect for the remainder of the Litigation;

   (c) Nothing contained in this Preliminary Approval Order is, or may be construed as, a presumption, concession or admission by or against Defendants or Plaintiffs of any default liability or wrongdoing as to any facts or claims alleged or asserted in the Litigation, or in any actions or proceedings, whether civil, criminal

or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Class;

(d) Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking certification of the Class; and

(e) All of the Court's prior orders having nothing whatsoever to do with the Settlement shall, subject to this Preliminary Approval Order, remain in full force and effect.

21. <u>Use of Order</u>. This Preliminary Approval Order shall be of no force or effect if the Settlement Agreement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Litigation or in any other lawsuit.

22. <u>Reasonable Modifications</u>. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without

further approval of the Court, minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

23. <u>CAFA Notice</u>. This civil action was commenced after February 18, 2005. No later than seven (7) calendar days before the Fairness Hearing, Defendant will file a certification with the Court stating the date or dates on which notice of this Settlement was sent to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

24. <u>Deadlines</u>. Deadlines for Filings in Advance of the Fairness Hearing:

- Papers in support of final approval of the Settlement Agreement shall be filed with the Court on or before November 5, 2018.

- Class Counsel shall file their Fee Application with the Court on or before November 5, 2018.

- Objections to the Settlement Agreement or Fee Application shall be filed with the Court on or before November 19, 2018.

- A notice of appearance must be filed with the Court by any person who files an
objection and wants to be heard at the Fairness Hearing on or before November 19, 2018.

- Requests for Exclusion shall be sent to the Class Action Administrator postmarked on or before November 19, 2018.

- Papers in response to objections to the Settlement Agreement or Fee Application
shall be filed with the Court on or before December 10, 2018.

- The Class Action Administrator shall file affidavits or declarations concerning implementation of the Notice Plan with the Court on or before December 10, 2018.

- The Class Action Administrator shall provide to the Parties and file with the

Court a list reflecting all timely Requests for Exclusion on or before December 10, 2018.

- Defendant will file a certification stating the date or dates on which the CAFA Notice was sent with the Court on or before December 10, 2018.

Upon application of the Parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court, without further notice to the Class.

**SO ORDERED**.

                                _s/_
                                **STEVEN L. TISCIONE**
                                **UNITED STATES MAGISTRATE JUDGE**

**Dated: Brooklyn, New York**
       **June 12, 2018**