UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ALESSANDRO BERNI, et al.,

**MEMORANDUM AND**
                    Plaintiffs,            **ORDER**

     -against-                             16-CV-4196 (ST)

BARILLA G. e R. FRATELLI, S.p.A., et al.,

                    Defendants.
----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

The Court hereby directs Plaintiffs to submit (1) detailed time records and evidence

supporting the hourly rates charged by their attorneys and paralegals in support of their proposed

award of attorneys' fees, and (2) evidence in support of the requested costs.

The requirements for receiving an award of attorneys' fees in the Second Circuit are

longstanding. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147

(2d Cir. 1983). Attorneys' fees may not be awarded without "a detailed record of how [a party's]

attorneys spent their time." *Id.* at 1147; *see also Conn. Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687,

690 (D. Conn. 1994) ("Fees should not be awarded for time entries when the corresponding

description of work performed is vague and therefore not susceptible to a determination of whether

the time billed was reasonably expended.") (internal quotation marks, citation, and brackets

omitted). In determining the reasonable hourly rate of an attorney—i.e. the rate a paying client

would be willing to pay—the district court should consider evidence related to, among others, the

factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Arbor

Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522

F.3d 182, 190 (2d Cir. 2008). These requirements apply equally when fees are requested in

connection with the settlement of a class action. *Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015) ("The Court must still scrutinize class counsel's attorney fee application to determine if the requested fees are 'reasonable.'") (quoting Fed. R. Civ. P. 23(h)).

The evidence submitted by Plaintiffs in support of the proposed award of attorneys' fees and paralegals' fees is insufficient under these standards. Plaintiffs provide only a broad description of the work performed by counsel in connection with the case. *See* Joint Declaration ¶ 78, ECF No. 60 ("Plaintiffs' Counsel's efforts included, for example: (1) extensive work identifying and investigating potential claims and working with an expert to draft and file pleadings; (2) conferring with our clients regarding their claim and the nature of the litigation; (3) briefing a motion to dismiss and other court-related documents; (4) preparing for and participating in multiple in-court conferences; (5) in person and telephonic discussions with defendants both in and out of Court; and (6) drafting the Settlement Agreement and related documents."); *see also* Quitt Decl. ¶ 2, ECF No. 60-3; Sarraf Decl. ¶ 2, ECF No. 60-4 (providing substantially the same descriptions). Plaintiffs also provide the total amount of time spent by each attorney and paralegal on the entire case, along with their hourly rates. Quitt Decl. ¶ 3; Sarraf Decl. ¶ 3. But Plaintiffs do not explain what work any attorney performed on any specific date or how long he or she spent performing such work. The Court is not able to assess whether the aggregate figure of 994.7 hours spent by Plaintiffs' attorneys and paralegals on the wide-ranging and unspecific array of tasks described in their Joint Declaration is reasonable. Plaintiffs shall submit detailed time records that allow the Court to do so.

Additionally, Plaintiffs provide no meaningful evidence to support their claimed hourly rates, which range between $700 and $850 per hour for Plaintiffs' attorneys and are $275 for Plaintiffs' paralegals. *See* Quitt Decl. ¶ 3; Sarraf Decl. ¶ 3. Plaintiffs merely (a) note that courts

within the Second Circuit have "approved partners' hourly billing rates of up to $995 per hour" and (b) state, in conclusory fashion, "Plaintiffs' Counsel's hourly rates, here, appropriately reflect the reputation, experience, care, and success records of Plaintiffs' Counsel." Memorandum of Law in Support of Final Settlement Approval ("Mem. Supp.") at 24-25, ECF No. 61. Plaintiffs' only citation to an award of $995 per hour is from the Southern District of New York, *id.* at 24, but district courts generally consider the reasonableness of attorneys' hourly rates based on the district in which the court sits. *Arbor Hill,* 493 F.3d at 119 (citation omitted). More importantly, Plaintiffs have simply not explained why their attorneys' or paralegals' hourly rates should be as high as those in the cited cases. Plaintiffs shall submit specific evidence in support of these proffered rates to allow the Court to determine whether they are reasonable.

The Court notes that Plaintiffs have cited several cases providing that fee awards in class actions are more likely to be found reasonable where the parties have negotiated the fee amount among themselves, and where the fees are to be borne solely by the defendants rather than taken from the common fund. *See* Mem. Supp. at 20-21. But even in these cases, the parties submitted billing records to the courts, and the courts upheld the proposed awards after reviewing these records. *See, e.g.*, *Dupler v. Costco Wholesale Corp.*, 705 F. Supp. 2d 231, 244–45 (E.D.N.Y. 2010) ("The Court has also reviewed the billing records submitted by class counsel and finds that the time entries are reasonably detailed and the hours expended were reasonable and of benefit to the class."); *Blessing v. Sirius XM Radio Inc.*, 507 F. App'x 1, 4 (2d Cir. 2012) ("[T]he district court independently inspected applicable time and expense records before judging the reasonableness of the requested fee."). Plaintiffs' counsel must do the same here.

Additionally, the Court directs Plaintiffs to submit available evidence in support of their request for costs. *See Dixon v. Agbai*, No. 15-CV-850 (AT) (AJP), 2016 WL 3702749, at \*19

(S.D.N.Y. July 8, 2016), *adopted by* 2016 WL 5660246 (S.D.N.Y. Sept. 28, 2016) (collecting

cases requiring documentation of costs).

Plaintiffs shall submit the billing records and other evidence described herein on or before

February 28, 2019.

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
        January 30, 2019